IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>Foley & Lardner<br>Subpoena Enforcement Matter<br><br>---<br><br>Trading Technologies International, Inc.,<br>222 South Riverside Plaza, Suite 1100<br>Chicago, IL 60606<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　　　　-against-<br><br>GL Consultants, Inc. et al,<br>261 Madison Avenue<br>New York, NY 10016<br><br>　　　　　　　　　　　Defendants. | MISCELLANEOUS ACTION FILE<br><br>CASE NO. 1:06MC00301 (RJL) |

### GL TRADE AMERICAS, INC.'S MEMORANDUM IN OPPOSITION TO TRADING TECHNOLOGIES, INC.'S MOTION TO STAY AND REMIT

Contrary to TTI's representations, GL's Motion to Compel Foley & Lardner was not filed in this district as a matter of forum shopping; it was filed in this district as a matter of law. The law is that ***a subpoena must be enforced where the subpoena was issued***. In this case, the Foley Subpoena was issued to Foley's Washington D.C. office from the U.S. District Court for the District of Columbia seeking documents located in Foley's Washington D.C. office. The patents-in-suit were prosecuted by attorneys from Foley's Washington, D.C. office, and the Foley files relating to the prosecution of the patents-in-suit are located in Foley's Washington D.C. office. The Foley Subpoena was properly issued from this district, and GL's Motion to Compel was properly brought in

this district, because **this district is the only district that has the authority to enforce the Foley Subpoena**. See Fed. R. Civ. P. 37(a)(1); Fed. R. Civ. P. 45(c)(2)(B); see also In re Sealed Case, 141 F.3d 337, 341 (D.C. Cir. 1998).

In fact, the D.C. Circuit has held that a district court which issued a subpoena **does not** have the authority to transfer disputes over that subpoena to the court where the trial is taking place. See In re Sealed Case, 141 F.3d at 341-2. As recognized in In re Sealed Case, the District of Columbia has a strong interest in the enforcement of judicial process issued by courts in its district, and, more specifically, in ensuring that the doctrine of privilege is not abused by parties located in the District of Columbia. Congress has recognized this interest, and accordingly, in the Federal Rules of Civil Procedure, has enacted rules that clearly impose a territorial limitation on the enforcement of subpoenas, providing *the court that issues a subpoena with the exclusive power to act on it*, regardless of where the underlying action lies. Id.

Interestingly, In re Sealed Case was cited by TTI in support of its argument that "when a discovery dispute arises in a district court other than that in which the underlying litigation is pending, the court may stay its proceedings, remit the matter to the court with jurisdiction over the underlying case, and defer to its decision on the motion." *TTI Memorandum in Support of its Motion for This Court to Stay and Remit GL Trade Americas' Motion to Compel Against Its Attorneys, Foley & Lardner LLP, to Judge James B. Moran For Recommendation*, at 4. However, in In re Sealed Case, the D.C. Circuit actually found that the district court lacked authority to transfer the motions related to the subpoena **unless the subpoenaed nonparty sought a motion for a protective order to the trial court, which Foley & Lardner has not done**. In re Sealed

*Case*, 141 F.3d at 342. The D.C. Circuit explicitly held that "if the nonparty deponent fails to take the bait and move for a protective order in the trial court, ***the issuing court must make the decision whether discovery may be had, and its scope, since it is the only court with the power to order enforcement***." *Id.* (emphasis added).

It is worth emphasizing that Foley has not sought a protective order from the Northern District of Illinois, despite that fact that: i) the Foley Subpoena was issued over five months ago in February, 2006; and, ii) Foley & Lardner has now appeared before Judge Moran in the Northern District of Illinois, twice on the issue of GL's Motion to Compel Foley & Lardner, and has never once sought a protective order in response to the Foley Subpoena. This Court should disregard any attempts by Foley to now seek a protective order from Judge Moran at this late date, as any such application would merely be an attempt to circumvent the authority of this Court, and delay a decision on this important matter, particularly since Judge Moran is now on vacation until the second week in August, and GL has an urgent need to examine non-privileged documents prior to the August 16th Markman Hearing.

Furthermore, a motion for a protective order is inapposite here. Rule 26(c) provides for the issuance of an order if required to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense," but does not permit a party to seek an order allowing it to withhold documents for which a claim of privilege is not justified. Fed. R. Civ. P. 26(c). Here, the documents have already been identified on a privilege log. The question of the proper scope of an assertion of privilege is not a question of preventing "annoyance, embarrassment, oppression, or undue burden or expense;" rather, it is a question of assisting in the search for the truth.

The District of Columbia not only has the authority to enforce the Foley Subpoena, but it also has expressed a strong interest in ensuring that attorneys practicing in this district comply with the definition of privilege in this district, and do not unnecessarily impede the search for the truth by making unjustified assertions of privilege over documents which do not qualify therefor. *See Minebea v. Papst*, 229 F.R.D. 1, 1 (D.D.C. 2005) (clarifying the law of privilege in the D.C. Circuit, and ordering plaintiff to comply therewith). TTI is merely grasping at straws to foil enforcement of the Foley Subpoena issued by this district, despite this district's strong interest in adjudicating matters involving parties located in this district. Here, the documents being subpoenaed are located in the District of Columbia and are unquestionably from the files of attorneys practicing in the District of Columbia. The Foley Subpoena was issued from this district, Foley prosecuted the patents-in-suit in this district, Foley produced documents in response to the Foley Subpoena from this district,[1] and the power to enforce the Foley Subpoena clearly lies with the Court in this district. Furthermore, Foley has more than 150 attorneys practicing in this district, who should be mindful of, and adhere to this district's law of privilege.

This Court has the power and the interest to act on the Foley Subpoena, and the matter is ripe for determination. Indeed, given TTI and Foley's unorthodox dealings with the USPTO during the prosecution of the patents-in-suit, and the incomplete nature of the prosecution history, both of which are highlighted by the recent decision of the Deputy

---

[1] TTI's recent argument that the documents should be considered under TTI's custody or control for purposes of an adjudication of privilege is disingenuous. Importantly, these documents were originally requested from TTI and ***were never produced by TTI in response to GL's discovery requests.*** The Foley Subpoena was issued to Foley after TTI's failed to produce such documents. TTI cannot now argue that these documents, located at Foley's offices in DC, should be considered to be under TTI's "custody and control" when they failed to produce them in response to GL's discovery requests.

General Counsel and Solicitor of the USPTO to grant GL's request to depose the Examiner who was responsible for the prosecution of the patents-in-suit, it is critical that GL be able to examine any documents withheld by Foley for which privilege is not justified ***prior to the August 16th Markman Hearing.***  This is necessary so that GL can determine if there is other evidence relevant to the construction of the claims that should be considered during the Markman process.  *See* July 19, 2006 Letter from John Whealan to Lora Moffatt, attached as Exhibit A.  Due to the incomplete nature of the prosecution history files, it is absolutely critical that any documents not subject to privilege be produced, as GL has no other way of determining what the applicants stated regarding the scope of their claims during prosecution of the patents-in-suit.

Finally, contrary to TTI's arguments, Judge Moran has not ruled on any of the issues presented by GL's Motion to Compel Foley & Lardner; nor are these issues properly before him.  Thus, a ruling from this Court would not be neither duplicative of nor inconsistent with any rulings from the Northern District of Illinois.  Due to the urgency of the relief sought by GL, and the fact that Judge Moran is on vacation, it is entirely appropriate and necessary that this Court consider and adjudicate the issues presented by GL's Motion to Compel Foley & Lardner.

For the reasons stated above, GL respectfully requests that TTI's Motion to Stay and Remit GL's Motion to Compel Foley & Lardner be denied in all respects.

                Respectfully submitted,

Dated: July 26, 2006            **GL Trade Americas, Inc.**

                By:   /s/Sarah Hsia_____
                     Sarah C. Hsia
                     Philippe Bennett
                     *Admitted Pro Hac Vice*
                     ALSTON & BIRD LLP
                     90 Park Ave.
                     New York, NY 10016
                     Telephone: (212) 210-9400
                     Facsimile: (212) 210-9444

                     Paul F. Brinkman
                     D.C. Bar No. 441681
                     ALSTON & BIRD LLP
                     The Atlantic Building
                     950 F Street N.W.
                     Washington, D.C. 20004
                     Telephone: (202) 756-3404
                     Facsimile: (202) 756-3333

OF COUNSEL:
Lora A. Moffatt
SALANS
Rockefeller Center
620 Fifth Avenue
New York, NY  10020-2457
Tel: 212-632-5500
Fax: 212-632-5555

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2006, I served a true and correct copy of the foregoing GL TRADE AMERICAS, INC.'S MEMORANDUM IN OPPOSITION TO TRADING TECHNOLOGIES, INC.'S MOTION TO STAY AND REMIT on Counsel for Plaintiff Trading Technologies International and Respondent Foley & Lardner by email and overnight mail in a properly addressed envelope with adequate postage thereon, to:

Kenneth Krosin (kkrosin@foley.com)
Michael Conway (mconway@foley.com)
FOLEY & LARDNER LLP
Washington Harbour
3000 K Street NW, Suite 500
Washington, D.C. 20007-5143

Stephen Richard Carden
(carden@mbhb.com)
MCDONNELL, BOEHNEN,
HULBERT & BERGHOFF, LTD.
300 South Wacker Drive, 29th Floor
Chicago, IL  60606

Dated:  July 26, 2006

   /s/Sarah Hsia
Sarah C. Hsia
*Admitted Pro Hac Vice*