

UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Office of the Solicitor

| Pending Litigation Address: | All other correspondence: |
| P.O. Box 15667 | P.O. Box 1450 |
| Arlington, VA 22215 | Alexandria, VA 22313-1450 |

# FACSIMILE TRANSMITTAL LETTER

| TO: | FAX NO: |
|---|---|
| Lora A. Moffatt, Esq.<br>Salans | 212-632-5555 |
| Paul S. Tully, Esq.<br>McDonnell Boehnen | 312-913-0002 |

FROM:   Heather F. Auyang
        Associate Solicitor

DATE:   July 19, 2006

        NUMBER OF PAGES (INCLUDING TRANSMITTAL): 5

REMARKS: Request for the deposition testimony of Richard C. Weisberger in *Trading Technologies Int'l Inc. v. GL Trade Americas et al.*, Case No. 05-CV-4120 (N.D. Ill.)

---

NOTICE: OFFICIAL GOVERNMENT BUSINESS

This communication is intended for the sole use of the individual or entity to which it is addressed and may contain information that is privileged or exempt from disclosure under applicable law. If the reader of this communication is not the intended recipient or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any use, copying, or distribution of this communication may be prohibited. If you have received this communication in error, please notify this office immediately by collect telephone call (571/272-9035) and return the communication to the address above via the United States Postal Service. Thank you.

Office No:    (571) 272-8723

Fax No:       (571) 273-0373



# UNITED STATES PATENT AND TRADEMARK OFFICE

OFFICE OF THE GENERAL COUNSEL

OFFICE OF THE SOLICITOR

July 19, 2006

*Via Facsimile ((212) 632-5555)*

Lora A. Moffatt
Salans
Rockefeller Center
620 Fifth Avenue
New York, NY 10020-2457

> Re:  Request for the deposition testimony of Richard C. Weisberger in *Trading Technologies Int'l Inc. v. GL Trade Americas et al.*, Case No. 05-CV-4120 (N.D. Ill.)

Dear Ms. Moffatt:

We have received your June 30, 2006 letter and Walter Scott's June 29, 2006 declaration with the attached exhibits (Scott Declaration), which request, on behalf of GL Trade Americas ("GL"), the deposition testimony of Examiner Richard C. Weisberger concerning the prosecution of Application Serial No. 09/590,692 (the "'692 application") that issued as U.S. Patent No. 6,772,132 (the "'132 patent") and Application Serial No. 09/894,637 (the "'637 application") that issued as U.S. Patent No. 6,766,304 (the "'304 patent"). We are also in receipt of Paul S. Tully's July 12, 2006 letter opposing the request on behalf of Trading Technologies Int'l ("TTI") and July 18, 2006 letter providing portions of Mike Ryan's July 11, 2006 deposition testimony.

Your request to take the deposition of Examiner Weisberger is **granted-in-part and denied-in-part** for the reasons set forth herein. Although Examiner Weisberger has authorization to testify regarding limited matters within his personal knowledge for which this letter specifically provides, this letter does not limit this Office's ability during the deposition to raise objections and prohibit Examiner Weisberger's testimony.

As discussed in John M. Whealan's June 21, 2006 letter to Walter Scott (incorporated by reference and hereinafter referred to as the "Whealan Letter"), the right to take testimony of patent examiners is quite limited. The United States Patent and Trademark Office ("USPTO" or "Office") and the Department of Commerce have promulgated regulations that govern requests for examiner testimony and documents, in accordance with the Supreme Court's holding in *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951). *See* 37 C.F.R. part 104; 15 C.F.R. part 15; *see also* Manual of Patent

Lora A. Moffatt, Esq.
July 19, 2006
Page 2 of 4

Examining Procedure (MPEP) Chapter 1700. Accordingly, Examiner Weisberger's testimony is limited by these regulations and controlling case law.

  These regulations make clear that employees or former employees of the USPTO may not be compelled to testify, nor give testimony voluntarily, absent appropriate authorization pursuant to 37 C.F.R. § 104.22(b). *See United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951). The reasons for this policy include to: (i) conserve the time of USPTO employees for conducting official business; (ii) avoid spending the time and money of the United States for private purposes; (iii) preserve the integrity of the administrative process; and (iv) protect confidential, sensitive information and the deliberative process of the USPTO. *See* 15 C.F.R. § 15.13. The courts acknowledge the quasi-judicial nature of a patent examiner's function and therefore have affirmed the narrow scope of permissible examiner testimony. *See, e.g., Western Elec. Co. v. Quigg*, 860 F.2d 428, 433 (Fed. Cir. 1988). These interests of the USPTO must be balanced against the need for information possibly within the USPTO's possession. Therefore, the USPTO, pursuant to the applicable regulations, allows in certain circumstances limited testimony of patent examiners in connection with a legal proceeding concerning an issued patent with which the examiner was involved during prosecution.

  Importantly, patent examiners and former examiners **may not** give expert or opinion testimony, testimony relating to their mental processes, testimony concerning the procedures of the USPTO, or testimony concerning the expertise or qualifications of any USPTO employee. *See* MPEP Chapter 1701 and authority cited therein.

  Accordingly, Examiner Weisberger is prohibited from providing any opinion, characterization or explanation, including any interpretive analysis or opinions regarding any alleged inconsistencies within the file history, or between the file history and information obtained during discovery in the underlying litigation. The file history documents are the public record of the examination and speak for themselves. Examiner Weisberger is also prohibited from testifying concerning consultation with another Office employee or whether any documents are allegedly missing from the file history.

  Examiners and former examiners **may** be allowed to testify about factual information regarding communications between the examiner and the applicant (and/or the applicant's representatives), but only to the extent that the substance of those communications are not available from the record. *See* 37 C.F.R. part 104.22(c)(3).

  Certain areas of GL's request are overly broad, lists general areas of inquiry, and are directed to areas that are inappropriate for the deposition of a patent examiner. Such a

Lora A. Moffatt, Esq.
July 19, 2006
Page 3 of 4

request is inappropriate because it fails to comply with the policies of 37 C.F.R. part 104.22 *et seq.*, including section 104.22(c), and are prohibited by MPEP 1700.

    Accordingly, Examiner Weisberger shall **not** provide testimony as set forth in the Scott Declaration at paragraph 16(b) concerning "all other Interviews (telephonic and in-person) that were conducted but which are not part of the Official prosecution files or are missing" and paragraph 16(d) whether "[a]ny further communications between Examiner Weisberger and any representative of the Applicant is missing from the Official prosecution files and whether copies of such communications still exist." As explained in the Whealan Letter, seeking the testimony of Examiner Weisberger in order for GL to determine communications that are allegedly missing and "whether copies of such communications still exist" is not appropriate because the desired testimony or document(s) are reasonably available using another avenue and the actual document(s) could be provided in lieu of testimony. *See* 37 C.F.R. § 104.22(c)(3). As explained, the appropriate route for GL is to request under the Freedom of Information Act ("FOIA") such documents. We note that your request is currently pending. *See* Scott Declaration, paragraphs 18 and 19. Moreover, such a request is overly broad and such testimony is prohibited as inappropriately seeking information concerning the usual practice or whether a USPTO employee followed an Office procedure. *See* MPEP 1701.01.

    GL shall only ask questions directly related to the documents attached to the Scott Declaration. Accordingly, Examiner Weisberger **may** provide factual testimony regarding the substance of the communications between Examiner Weisberger and the applicant (and/or the applicant's representative) made during the examination of the '692 and '637 applications if the inquiry directly relates to the documents included with this request.

    As explained in the Whealan Letter, the resources of the United States and the USPTO, in particular, should not be diverted for private interests and the quasi-judicial deliberative process must be protected. An overly broad request cuts directly against these policies that the USPTO is obligated to protect. As noted, Examiner Weisberger's deposition is limited by the documents submitted with the Scott Declaration; however, if there are additional documents that GL wishes to use during the deposition, *e.g.*, documents referenced in the Scott Declaration, but not attached as an exhibit, those documents must be submitted to this Office by **July 25, 2006** for consideration.

Lora A. Moffatt, Esq.
July 19, 2006
Page 4 of 4

    Unless notified otherwise, we will make Examiner Weisberger available for deposition on August 4, 2006, at 10:00 am, in the conference room in the Office of the Solicitor, 600 Dulany Street, Madison West, 8C45, Alexandria, Virginia, 22314. Counsel for TTI may attend and participate at the deposition. All inquiries may be directed to Heather F. Auyang of my Office at (571) 272-8723.

                                             Sincerely,

                                             *Heather Auyang*
                                           for John M. Whealan
                                           Deputy General Counsel and Solicitor

cc:   Paul S. Tully, Esq.
       Counsel for TTI (*via facsimile (312) 913-0002*)